**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

CIVIL ACTION NO. 11-418-KKC

JOHN DAVID LANCASTER                                               PLAINTIFF

V.                        **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                          DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on John David Lancaster's appeal of the Commissioner's denial of his application for Supplemental Security Income ("SSI"). The court will grant the Commissioner's motion (R.9) and deny Lancaster's motion (R. 8) because substantial evidence supports the administrative decision.

At the time of his application for SSI, Lancaster was a 23-year-old male with a high school diploma and some technical training. AR 10-13. He had prior work experience as a bus boy and in assembly/production. AR 138. He alleged disability beginning on June 1, 2007, due to depression and anxiety. AR 137. Lancaster filed his claim for SSI on December 30, 2009. AR 10. It was denied initially on June 21, 2010, and upon reconsideration on September 16, 2010. AR 11. Both the claimant's mother and an impartial vocational expert testified at the hearing held on July 8, 2011. Thereafter, Administrative Law Judge ("ALJ") Ronald Kayser determined that Lancaster was not disabled. AR 10-18. Under the traditional five-step analysis, *see Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see* 20 C.F.R. § 404.1520 (1982), the ALJ determined that Lancaster had not engaged in substantial gainful activity since December 30, 2009, the application date, AR 12; that he had severe impairments, including major depressive disorder, anxiety disorder, bipolar disorder, social phobia and

1

obesity, *Id*; that his impairments or combination of impairments did not meet or equal one of the listed impairments, AR 13; that he had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with some non-exertional limitations to accommodate his psychological symptoms, AR 14-15; and that based on his RFC he could return to his previous job as a factory assembler and that additional jobs existed in the national economy that he could perform such as groundskeeper and janitor/cleaner, AR 15. The ALJ thus denied his claim for SSI on July 21, 2011. AR 10-18. The Appeals Council denied Lancaster's request for review on October 18, 2011, AR 1-3, and he commenced this action.

Lancaster challenges the ALJ's ruling on the following grounds: (1) the ALJ erred at step two for failing to determine that his impairments of attention deficit disorder (ADD) and attention deficit hyperactivity disorder (ADHD) were severe; and (2) the ALJ erred in failing to follow SSR 11-2p applicable to young adults.

In his first issue, Lancaster argues the ALJ failed to determine that his impairments of ADD and ADHD were severe at step two, citing the ALJ's comments at the hearing in support of his argument. Lancaster testified at the July 2011 hearing that he had a year and half of college studying computer engineering. AR 26. He had previous employment as a busboy but he quit because of a "stressful situation." Lancaster attributed his problems to being "really shy socially" and with general social anxiety. He told the ALJ he rarely left his home and spent most of his time on the computer specifically "on Facebook." He reported he drove approximately 30 minutes to Morehead to visit his cousins at least once a month. At that conclusion of the hearing the ALJ informed Lancaster, "[y]ou don't have any problems with IQ. I don't think there's any problems. . . .[y]ou may have a little social anxiety but . . you've got an attitude problem[.]" AR 36.

Lancaster's argument is an implicit challenge to the ALJ's assessment of plaintiff's credibility.  A disability claim can be supported by a claimant's subjective complaints, as long as there is objective medical evidence of the underlying medical condition in the record.  *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003).  However, "an ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability."  *Id*. at 476.  An ALJ's credibility assessment must be supported by substantial evidence, but an "ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility."  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).  Thus, it is proper for an ALJ to discount the claimant's testimony where there are contradictions among the medical records, his testimony, and other evidence.  *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 2004).

Lancaster argues the comments by the ALJ at that hearing reflect the ALJ's conclusions regarding Lancaster's cognitive functioning and ultimate decision at step two in failing to find his ADD and ADHD were not severe impairments.  This argument is not persuasive.  The ALJ's written decision reflects his analysis and discussion of the medical evidence in the record for making his determinations at step two of the process and this determination is supported by substantial evidence in the record.

For example, Lancaster was treated by Dr. James Jackson for approximately one year.  A mental impairment form dated January 20, 2010 reflects that Lancaster was referred to him with a diagnosis of ADHD, but that Lancaster was "certainly not hyperactive or impulsive." AR 204.  In addition, Dr. Jackson reported that he was unsuccessful in treating Lancaster and that he was

"slow processing," and Lancaster's "response to stimulants is minimal/to anti depressants min." As the ALJ noted, there is no evidence of any further treatment by Dr. Jackson. AR 13.

On April 22, 2010, consultative examiner Dr. Andrew Jones noted that Lancaster appeared to be "alert and responsive" (AR 223) and that he "was able to adequately communicate his needs and wants . . .he seemed to comprehend all of what was requested[.]" (AR 224). Dr. Jones concluded that he had "mild to moderately impaired cognitive functioning." However, Jones indicated his "prognosis is guarded" and noted "possibly purported symptom amplification and embellished memory dysfunction." AR 227.

Lancaster also sought treatment from Pathways, Inc. in July 2010. It was noted that he was referred by his primary care doctor for depression, anxiety, and ADHD. AR 249. The record reflects monthly treatment at Pathways with diagnosis of bipolar disorder and social phobia (AR 281-301) and reflecting psychological medications prescribed such as Risperdal, Abillify, Geodon, Effexor, and Adderall. *See* AR 301. The ALJ concluded "there is no evidence of any significant deterioration and there is no indication that the claimant was prescribed inpatient treatment." AR 13.

Contrary to Lancaster's arguments there is not well-documented medical evidence to support a diagnosis and ongoing treatment of ADD and ADHD. Although Lancaster has been treated with a myriad of psychological medications, ultimately the ALJ concluded that he was not entirely credible and that his subjective complaints of ADD and ADHD were not severe at step two of the evaluation process and this decision is supported by substantial evidence.

Moreover, the ALJ included non-exertional limitations in his RFC determination at step four of the sequential evaluation process. The ALJ found that Lancaster had a, "markedly limited ability to carry out detailed instructions" and ultimately concluded that Lancaster would

4

"work best out of contact with the public in a job where constant interaction with other employees and supervisors would not be required." AR 15. In making this finding the ALJ determined that Lancaster's complaints were not entirely credible. The ALJ noted that the claimant did not do well in school because he reported not to like school. AR 16. In addition, Lancaster went to technical school to study computer engineering after graduating from high school but reported to drop out because he lost interest. *Id*. The ALJ concluded that given the objective medical evidence and the claimant's own testimony the "severity of the symptoms and limitations are not as alleged." *Id*. Lancaster fails to demonstrate that he had any limitations from his alleged ADD or ADHD that were not incorporated into the RFC finding by the ALJ. Thus, the ALJ's decision is supported by substantial evidence and Lancaster's argument that the ALJ did not consider his alleged impairments of ADD or ADHD is without merit.

In his second issue, Lancaster argues that the ALJ should have considered SSR 11-2p that provides standards for evaluating disability in young adults. However, SSR 11-2p was not effective until September 12, 2011 – nearly a month after the ALJ rendered his decision on July 21, 2011. Therefore, the court need not consider the application of this ruling.

The ALJ properly applied the relevant legal standards and his decision is supported by substantial evidence. Accordingly,

**IT IS ORDERED** that Lancaster's motion (R. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion (R. 9) is **GRANTED.**

The court will enter a separate judgment.

Dated this 20th day of December, 2012.



Signed By:
*Karen K. Caldwell*
United States District Judge

5